**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

████████████

  PLAINTIFF,

V.                                                    CASE NO.: 1:22-CV-03596

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

  DEFENDANTS.

**COMPLAINT**

Plaintiff, ████████████ ("███ or "Plaintiff"), by its undersigned counsel, hereby

complains of the Partnerships and Unincorporated Associations identified on Schedule A, attached

hereto (collectively, "Defendants"), and for its Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1.       This Court has original subject matter jurisdiction over the claims in this action

pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Federal Copyright Act,

17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has jurisdiction

over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C.

§ 1367(a), because the state law claims are so related to the federal claims that they form part of

the same case or controversy and derive from a common nucleus of operative facts.

2.       This Court has personal jurisdiction over each Defendant, in that each Defendant

conducts significant business in Illinois and in this Judicial District, and the acts and events giving

rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within

this Judicial District.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since each Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating under the online marketplace accounts identified in Schedule A. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold, and continues to sell counterfeit products that infringe Plaintiff's trademarks and/or copyrights. Each Defendant is committing tortious acts, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

**INTRODUCTION**

4.      This action has been filed to combat the online trademark and copyright infringement and counterfeiting of Defendants, who trade upon Plaintiff's valuable trademarks and copyrights by selling and/or offering for sale unauthorized, unauthentic, and counterfeit products in connection with Plaintiff's federally registered trademarks, as well as to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by ███

5.      Plaintiff, ████████████ is the owner of the federally registered ██████ Trademarks, listed in the table below, and true and correct copies of which are attached hereto as Exhibit 1 (collectively referred to as the "Registrations" or the "████ Trademarks"). The Registrations are valid, subsisting, and in full force and effect. Plaintiff is the owner of numerous Copyright Registrations, which have effective registration dates as early as ███, and are attached hereto as Exhibit 2 (hereinafter referred to as "████ Copyrights").

| REG. NO. | WORD/DESIGN MARK | CLASS(ES) | REG. DATE |
|---|---|---|---|



| REG. NO. | WORD/DESIGN MARK | CLASS(ES) | REG. DATE |
|---|---|---|---|



| REG. NO. | WORD/DESIGN MARK | CLASS(ES) | REG. DATE |
|---|---|---|---|



| REG. NO. | WORD/DESIGN MARK | CLASS(ES) | | | REG. DATE |
|----------|------------------|-----------|--|--|-----------|



| REG. NO. | WORD/DESIGN MARK | CLASS(ES) | REG. DATE |
|---|---|---|---|

| REG. NO. | WORD/DESIGN MARK | CLASS(ES) | REG. DATE |
|---|---|---|---|



| REG. NO. | WORD/DESIGN MARK | CLASS(ES) | REG. DATE |
| --- | --- | --- | --- |



| Reg. No. | Word/Design Mark | Class(es) | Reg. Date |
|---|---|---|---|
| | | | |

6.    In an effort to illegally and deceptively profit from the ▆▆▆ Trademarks and ▆▆▆ Copyrights, Defendants created numerous online marketplace accounts and online stores (referred to as "Defendant Internet Stores" or "Seller Aliases"), intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate websites selling products manufactured by or authorized by ▆▆ (the "▆▆▆ Products"), with Defendants' ultimate intention being to deceive unknowing consumers into purchasing unauthorized and infringing

████ Products (hereinafter referred to as "Counterfeit ████ Products" or "Counterfeit Products").

7.    Defendant Internet Stores share numerous unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between Defendants, and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.

8.    Plaintiff is forced to file this action to combat Defendants' ongoing infringement of Plaintiff's ████ Trademarks and Copyrights (collectively referred to as "██ Intellectual Property" or "██ IP"). Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content, and tarnishment of its valuable trademarks and copyrights as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

### THE PLAINTIFF

9.    ████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████

10.

11.   ██████████ is in the business of developing, marketing, and licensing ██████
Products. ████ ████████████████████████████████. These ██████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████



**AUTHENTIC PRODUCT EXAMPLES**



12. ███████ ███████████████████████ ███████████████

███████████████████████



13. ████ has used the ██████ and other trademarks for years and has continuously sold products under the ██████ and other trademarks. As a result of this long-standing use, strong common law trademark rights have amassed in the ██████ Trademarks. ██████ use of the ██████ Trademarks has also built substantial goodwill in and to the ██████ Trademarks. The ██████

14

Trademarks are famous marks and valuable assets of ▬ ▬ Products typically include at least one of the registered ▬ Trademarks and/or the ▬ Copyrights.

14.     The ▬ Trademarks have been used exclusively by ▬ and have never been abandoned. The Trademark Registrations are valid, subsisting, and in full force and effect. The registrations of the ▬ Trademarks constitute prima facie evidence of their validity and of ▬ exclusive right to use the ▬ Trademarks pursuant to 15 U.S.C. § 1057(b).

15.     ▬ has invested substantial time, money, and effort in building up and developing consumer recognition, awareness, and goodwill in the ▬ Products. The ▬ Trademarks and the ▬ Copyrights have been continuously used, and are, and have been, the subject of continuous marketing and promotion by ▬ in the industry and to consumers.

16.     The success of the ▬ Products is due in large part to the marketing, promotional, and distribution efforts of ▬ These ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

17.     The success of the ▬ Brand is also due to the use of high-quality materials and processes in making the ▬ Products.

18.     Additionally, ▬ owes a substantial amount of the success of the ▬ Products to its licensees, consumers, and interest that its consumers have generated.

19.     As a result of the efforts of ▬ the quality of its ▬ Products, the promotional efforts for its products and designs, press and media coverage, and widespread marketing, members of the public have become familiar with the ▬ Products, ▬ Copyrights, and ▬ Trademarks, and associate them exclusively with ▬.

20.     ▬ has made efforts to protect its interests in and to the ▬ Intellectual Property. ▬ and its licensees are the only businesses and/or individuals

authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the ███ Copyrights and/or ███ Trademarks, without the express written permission of ███ Plaintiff has not licensed or authorized Defendants to use the ███ Trademarks and Copyrights.

## THE DEFENDANTS

21.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including Illinois, and within this Judicial District, through the operation of fully interactive commercial websites and online marketplace accounts operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit ███ Products to consumers within the United States, Illinois, and this Judicial District.

## THE DEFENDANTS' UNLAWFUL CONDUCT

22.     The success and widespread popularity and recognition of the ███ brand and ███ Products has resulted in significant counterfeiting and intentional copying. Plaintiff has identified numerous Seller Aliases linked to fully interactive websites and marketplace listings on platforms including any online marketplaces, including but not limited to, Alibaba Group Holding Ltd., Alipay.com Co., Ltd. ("Alipay"), AliExpress, Inc. ("AliExpress") and any related Alibaba entities (collectively, "Alibaba"), Amazon, Inc. ("Amazon"), eBay, Inc. ("eBay"), Etsy, Inc. ("Etsy"), ContextLogic, Inc. ("Wish"), Bonanza, Inc. ("Bonanza"), Ecrater, Inc. ("Ecrater") (collectively referred to as the "Online Marketplaces"), including the Defendant Internet Stores, which are offering for sale, selling, and importing Counterfeit ███ Products to consumers in this Judicial District and throughout the United States. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $350 billion in

annual online sales.[1] According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[2] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

23.     As recently addressed in the New York Times and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above mentioned digital marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[3]

24.     Upon information and belief, Defendants facilitate sales by designing their Internet stores and product listings to appear to unknowing consumers as authorized online retailers, outlet stores, or wholesalers selling genuine ██████ Products, through the use of ████ Intellectual Property. Defendant Internet Stores look sophisticated and perpetuate an illusion of legitimacy – they accept payment in U.S. dollars via credit cards, Western Union, and PayPal; they often include images and design elements that make it difficult for consumers to distinguish these unauthorized sites from an authorized website; they offer "live 24/7" customer service; and, they use indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

---

[1] *See* "2020 Review of Notorious Markets for Counterfeiting and Piracy," OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Executive Office of the President. 85 FR 62006 (October 1, 2020).
[2] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).
[3] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at https://www.dhs.gov/sites/default/ files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

25.     Upon information and belief, Defendants also deceive unknowing consumers by using the ███ Trademarks without authorization within the content, text, and/or meta tags of their websites, in order to attract and manipulate search engines into identifying the Defendant Internet Stores as legitimate websites for ███ Products. Defendants also employ other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores show up at or near the top of relevant search results, including tactics to propel new domain names to the top of search results after others are shut down. These tactics are meant to, and are successful in, misdirecting consumers who are searching for genuine ███ Products.

26.     Upon information and belief, Defendants operate in a collective and organized manner, often monitor trademark infringement litigation alert websites, are in continuous and active concert with one another, are in frequent communication with each other – utilizing online chat platforms and groups, and use these collective efforts in an attempt to avoid liability and intellectual property enforcement efforts.[4] Furthermore, there is a substantial evidentiary overlap in Defendants' behavior, conduct, and individual acts of infringement, thus constituting a collective enterprise.

27.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Internet Stores are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendants use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online

---

[4] For this reason, Plaintiff is concurrently filing a Motion for Leave to File Certain Documents Under Seal and Temporarily Proceed Under A Pseudonym.

marketplace accounts on various platforms using the identities listed in Schedule A of the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

28.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores, including, but by no means limited to: (1) virtually identical layouts, even though different aliases were used to register the respective online marketplace accounts; (2) similarities of the Counterfeit ███ Products, and indicia of being related to one another, suggesting that the illegal products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated; and, (3) other notable common features such as use of the same registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, metadata, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

29.     Further, illegal operators, like Defendants, typically operate multiple payment processor and merchant accounts, including but not limited to, one or more financial accounts operated through platforms such as eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), ContextLogic, Inc. ("Wish"), Amazon Payments, Inc. ("Amazon"), Etsy, Inc. ("Etsy"), and Alipay US, Inc. ("Alipay") (collectively referred to herein as "Payment Processors"), and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts. Additionally, and upon information and belief, and as financial transaction logs in previous similar cases have shown, Defendants often maintain off-

shore bank accounts and regularly move funds from their Payment Processor accounts to said off-shore bank accounts, outside the jurisdiction of this Court.

30.     Defendants, without authorization or license, have knowingly and willfully infringed the ▇▇▇ Trademarks and Copyrights in connection with the advertisement, distribution, offering for sale, and sale of infringing, and counterfeit products into the United States and Illinois. Each Defendant Internet Store offers to ship to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell, or has already sold, infringing products therein.

31.     In committing these acts, Defendants have, among other things, willfully and in bad faith, committed the following, all of which have and will continue to cause irreparable harm to the ▇▇▇ brand: infringed upon and counterfeited the ▇▇▇ Trademarks and Copyrights; created, manufactured, sold, and/or offered to sell counterfeit products and/or products which infringe upon the ▇▇ Intellectual Property; used the ▇▇ IP in an unauthorized manner in order to sell, advertise, describe, mislead, deceive, and trade upon the ▇▇▇ brand; engaged in unfair competition; and unfairly and unjustly profited from such activities at the expense of ▇▇

32.     Plaintiff does not yet know the full extent and identity of the channels through which Defendants source and sell the Counterfeit Products. Defendants directed, supervised, and/or controlled activity infringing on Plaintiff's Trademarks and Copyrights and the sale of Counterfeit Products. Defendants have a direct financial interest in, and gain a direct financial benefit from infringing activity and realize profits from the sale of Counterfeit Products.

33.     By engaging in the illegal conduct outlined herein, in addition to directly organizing and effectuating such infringing activities, each Defendant also induced, caused, and materially contributed to infringing conduct by others, including the other Defendants. There is a causal relationship between the infringing activity and the financial benefit reaped by Defendants.

34.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

35.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36.     This is a trademark infringement action against Defendants, based on their unauthorized use in commerce of counterfeit imitations of the federally registered Plaintiff's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.

37.     Without the authorization or consent of ▮▮▮ and with knowledge of ▮▮▮ well-known ownership rights in its ▮▮▮ Trademarks, and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the ▮▮▮ Trademarks and/or used spurious designations that are identical with, or substantially indistinguishable from, the ▮▮▮ Trademarks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products.

38.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold their Counterfeit Products to the purchasing public in direct competition with ▮▮▮ and the ▮▮▮ Products, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the ▮▮▮ Trademarks through their participation in such activities.

39.     Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of the ▮▮▮ Trademarks to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the

manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public, and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by ███████████ough which Defendants make substantial profits and gains to which they are not entitled in law or equity.

40.     Defendants' unauthorized use of the ███████ Trademarks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by ███████████ and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the ███████ Trademarks.

41.     Defendants intentionally induce others to infringe upon Plaintiff's trademarks and/or continue to supply services with the knowledge that the recipient is using such services to engage in such trademark infringement. Defendants have the right and ability to supervise the infringing activity and have an obvious and direct financial interest in the counterfeit activity.

42.     Defendants' actions constitute willful counterfeiting of the ███████ Trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

43.     Defendants' continued intentional use of the ███████ Trademarks without the consent or authorization of ███████████ constitutes intentional infringement of ███████ ███s federally registered ███████ Trademarks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

44.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss, irreparable injury, and damage to ███████████ ███ its business, its reputation, and its valuable rights in and to the ███████ Trademarks and the

goodwill associated therewith, in an amount as yet unknown. ███████ has no adequate remedy at law for this injury, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to ███████ and its valuable ████ Trademarks.

45.    Based on Defendants' actions as alleged herein, ███████ is entitled to injunctive relief, damages for the irreparable harm that ███████ has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as well as all gains, profits, and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per-counterfeit mark per-type of goods sold, offered for sale, or distributed, and reasonable attorneys' fees and costs.

## COUNT II
## FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)/LANHAM ACT § 43(a))

46.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

47.    Plaintiff, as the owner of all right, title, and interest in and to the ████ Trademarks has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

48.    Plaintiff's Trademarks are inherently distinctive and are registered with the United States Patent and Trademark Office on the Principal Register; the ████ Trademarks have been continuously used and have never been abandoned; the registrations for the ████ Trademarks are valid, subsisting, and in full force and effect; and many are incontestable pursuant to 15 U.S.C. § 1065.

49.    Defendants' promotion, marketing, offering for sale, and sale of infringing ████ Products has created and continues to create a likelihood of confusion, mistake, and deception among

23

the public as to the affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' infringing products by Plaintiff.

50.    By using the ▋▋▋ Trademarks in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

51.    Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

52.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of ▋▋ ▋▋▋ its ▋▋▋ Products, and ▋▋▋ Trademarks.

53.    As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to ▋▋▋ by depriving Plaintiff of sales of its ▋▋▋ Products and by depriving ▋▋▋ of the value of its ▋▋▋ Trademarks as commercial assets in an amount as yet unknown.

54.    Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

55.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

56.    Defendants have engaged in acts violating Illinois law, including, but not limited to, passing off their unauthorized products as those of Plaintiff, causing a likelihood of confusion

24

and/or misunderstanding as to the source of Defendants' goods, thus causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine ███ Products, through Defendants' representation that Defendants' Counterfeit Products have Plaintiff's approval, when they do not.

57.    The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*.

58.    Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

<u>**COUNT IV**</u>
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))**

59.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

60.    The ███ Copyrights are the subject of multiple valid copyright registrations.

61.    Plaintiff, at all relevant times, has been the holder of the copyright registrations and exclusive rights of and belonging to ███ including but not limited to the ███ Copyrights and derivative works.

62.     These copyrights have significant value and have been produced and created at considerable expense.

63.    The copyrighted products include a copyright notice advising the general public that the ███ Products are protected by the Copyright Laws of the United States.

64.    Upon information and belief, Defendants had access to the copyrighted work through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendants

wrongfully created copies of the copyrighted work without Plaintiff's consent, and engaged in, and continue to engage in acts of widespread infringement.

65.     ████████████ is informed, and thereon alleges, that Defendants further infringed ███ Copyrights by making, or causing to be made, derivative works by producing and distributing unauthorized reproductions of the ███ Copyrights, without permission of ██████████████

66.     Each Defendant, without the permission or consent of the Plaintiff, has sold, and continues to sell, online infringing derivative works of Plaintiff's Copyrights. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq*.).

67.     Further, as a direct result of the Defendants' acts of copyright infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement of Plaintiff's Copyrights. ████████████ is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to said infringement.

68.     Defendants, with knowledge of Plaintiff's Copyrights, indirectly infringed Plaintiff's Copyrights by encouraging, causing, and materially contributing to infringing conduct by others. Defendants knowingly engaged in, supervised, and/or controlled infringing activity and the sale of Counterfeit Products, and have a direct financial interest in, and stood to gain a direct financial benefit from, such infringing activity.

69.     As a result of each Defendant's infringement of Plaintiff's exclusive rights under U.S. Copyright Law, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504.

70.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. As such, pursuant

to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's Copyrights, and ordering that each Defendant destroy all unauthorized and/or infringing copies and reproductions of Plaintiff's Copyrighted works. Defendants' copies, plates, and other embodiments of the copyrighted work from which copies can be reproduced should be impounded and forfeited to █████████ as instruments of infringement, under 17 U.S.C. §503.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1)      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.      using the █████ Trademarks or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized █████ Product, or is not authorized by Plaintiff to be sold in connection with the █████ Trademarks or █████ Copyrights;

b.      passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the █████ Trademarks or █████ Copyrights;

c.      shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the █████ Trademarks, or which are derived from the █████ Copyrights;

d.      further infringing the █████ Intellectual Property and damaging Plaintiff's goodwill;

    e.    using, linking to, transferring, selling, exercising control over the Defendant Internet Stores, product listings, or any other domain name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which bear the ███████ Trademarks or which are derived from Plaintiff's █████ Copyrights; and,

    f.    operating and/or hosting websites at the Defendant Internet Stores, and any other domain names registered to or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which bear the █████ Trademarks, or which are derived from Plaintiff's ██████ Copyrights;

    2)    Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Online Marketplaces and Payment Processors, and any related entities, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Internet Stores, and domain name registrars, shall:

    a.    disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which bear the ██████ Trademarks, including any accounts associated with Defendants listed on Schedule A;

    b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which bear the ██████ Trademarks, or which are derived from the █████ Copyrights; and,

    c.    take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered Trademarks, pursuant to 15 U.S.C. § 1114;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff; and that the amount of damages for infringement are increased by a sum not to exceed three times the amount thereof as provided by 15 U.S.C. § 1117;

6) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and, b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

7) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages pursuant to 17 U.S.C. §504, at the election of Plaintiff;

8) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

9) Any and all other relief that this Court deems just and proper.

DATED: July 12, 2022                    Respectfully submitted,

                                        */s/ Ann Marie Sullivan*
                                        Ann Marie Sullivan
                                        Alison Carter
                                        AM Sullivan Law, LLC
                                        1440 W. Taylor St., Suite 515
                                        Chicago, Illinois 60607
                                        Telephone: 224-258-9378
                                        E-mail:  ams@amsullivanlaw.com

                                        ***ATTORNEYS FOR PLAINTIFF***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

XYZ CORPORATION,

      PLAINTIFF,

V.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

      DEFENDANTS.

CASE NO.: 1:22-CV-03596

## SCHEDULE A – SEALED DOCUMENT PURSUANT TO LR26.2

Pursuant to Plaintiff's Motion for Leave to File Documents under Seal, a full version of

Schedule A will be electronically-filed under seal and will remain under seal until further order of

this Court.

Dated: July 12, 2022

Respectfully submitted,

*/s/ Ann Marie Sullivan*
Ann Marie Sullivan
Alison Carter
AM Sullivan Law, LLC
1440 W. Taylor St., Suite 515
Chicago, Illinois 60607
Telephone: 224-258-9378
E-mail: ams@amsullivanlaw.com

***ATTORNEYS FOR PLAINTIFF***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

XYZ CORPORATION,

      PLAINTIFF,

V.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

      DEFENDANTS.

CASE NO.: 1:22-CV-03596

---

## EXHIBIT 1 TO THE COMPLAINT – SEALED DOCUMENT PURSUANT TO LR26.2

Pursuant to Plaintiff's Motion for Leave to File Documents under Seal, a full version of Exhibit 1, the federally registered Plaintiff's Trademarks, will be electronically-filed under seal and will remain under seal until further order of this Court.

Dated: July 12, 2022

Respectfully submitted,

*/s/ Ann Marie Sullivan*
Ann Marie Sullivan
Alison Carter
AM Sullivan Law, LLC
1440 W. Taylor St., Suite 515
Chicago, Illinois 60607
Telephone: 224-258-9378
E-mail: ams@amsullivanlaw.com

***ATTORNEYS FOR PLAINTIFF***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

XYZ CORPORATION,

       PLAINTIFF,

V.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

       DEFENDANTS.

CASE NO.: 1:22-CV-03596

---

**EXHIBIT 2 TO THE COMPLAINT – SEALED DOCUMENT PURSUANT TO LR26.2**

Pursuant to Plaintiff's Motion for Leave to File Documents under Seal, a full version of Exhibit 2, Plaintiff's federally registered Copyright Registrations, will be electronically-filed under seal and will remain under seal until further order of this Court.

Dated: July 12, 2022

Respectfully submitted,

*/s/ Ann Marie Sullivan*
Ann Marie Sullivan
Alison Carter
AM Sullivan Law, LLC
1440 W. Taylor St., Suite 515
Chicago, Illinois 60607
Telephone: 224-258-9378
E-mail: ams@amsullivanlaw.com

***ATTORNEYS FOR PLAINTIFF***